■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v ELBA TAVERAS et al, Respondents, and GREATER NEW YORK INSURANCE COMPANY, Appellant. [643 NYS2d 355] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Greater New York Insurance Company appeals from an order of the Supreme Court, Nassau County (Trainor, J.), dated June 5, 1995, which, after a hearing, granted the petition.

Ordered that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a de novo hearing and determination in accordance herewith.

By order dated December 1, 1994, the Supreme Court, Nassau County (McCarty, J.), issued a temporary stay of arbitration pending a framed issue hearing "to determine whether a policy of automobile liability insurance issued by Greater New York Mutual [sic] Insurance Company covering a 1929 [sic] Chevrolet motor vehicle owned by Felix Rodriguez was in effect on March 25, 1994", the date of the subject accident. The court incorrectly framed the issue to be determined at the hearing. The issue which should have been determined at the hearing was whether Greater New York Insurance Company ever issued a policy of automobile liability insurance covering a 1979 Chevrolet owned by Felix Rodriguez (born February 11, 1971), who was the owner of one of the cars involved in the subject accident, and whether such policy was in effect on the date of the subject accident. Accordingly, this matter is remitted for the Supreme Court to conduct a hearing on this issue. Additionally, upon remittitur, the Supreme Court should also resolve the issue of personal jurisdiction raised by Greater New York Insurance Company.

We have considered the procedural issues raised by the petitioner on appeal and find them to be without merit (see, CPLR 5701 [a] [2] [v]; *New Jersey Mfrs. Ins. Co. v Adumson,* 102 AD2d 848; *Matter of State Farm Mut. Ins. Co. v Meneses,* 91 AD2d 615). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.